UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                     13-cr-421 (PKC)

       -against-                                                          <u>ORDER</u>

JULIO LEBRON,

                                  Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Julio Lebron, who represents himself <u>pro se</u>, has moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Because Lebron did not administratively exhaust his claim prior to filing this motion, his application will be denied.

        On April 29, 2014, then-Judge Katherine B. Forrest sentenced Lebron principally to 120 months' imprisonment, following his plea of guilty to conspiring to distribute and possess with intent to distribute cocaine, heroin and mixtures containing a detectable amount of MDMA, in violation of 21 U.S.C. § 846. (Docket # 38.) At the sentencing proceeding, Judge Forrest observed that Lebron was approximately 60 years old at the time of the offense, that his participation in the conspiracy lasted approximately three years, and that the offense involved drugs with a "destructive potential" and "a quantity that was capable of pervading a community," including approximately 18,000 ecstasy pills. (<u>Id.</u> at 22-23.)

        Lebron has been incarcerated since his arrest on February 25, 2013. The Bureau of Prisons ("BOP") lists his expected release date as September 3, 2021.[1] As of March 2021, he has served approximately 95% of his sentence. He is currently incarcerated at USP Lewisburg.

---

[1] https://www.bop.gov/inmateloc/

Under 18 U.S.C. § 3582(c)(1)(A), a court "may reduce the term of imprisonment" if it finds "extraordinary and compelling reasons" to do so and has weighed the factors set forth at 18 U.S.C. § 3553(a). Section 3582(c)(1)(A) includes an exhaustion requirement, and provides that the motion may be brought "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." Id.

As this Court previously explained in its denial of a motion for sentencing reduction based on the movant's failure to exhaust, "'[a]s a general rule, courts are required to strictly enforce statutory exhaustion requirements.'" United States v. Woodson, 452 F. Supp. 3d 31, 34 (S.D.N.Y. 2020) (quoting Theodoropoulos v. INS, 358 F.3d 162, 172 (2d Cir. 2004)); see also United States v. Ogarro, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) ("In fact, section 3582(c)'s exhaustion proscription is clear as day. It mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility.") (Sullivan, J.) (quoting 18 U.S.C. § 3582(c)(1)(A)).

There is no record of Lebron's administrative application to the BOP for the reduction of his sentence. In a submission received by the warden of the Moshannon Valley Correctional Center (the "MVCC") on April 20, 2020, Lebron wrote: "I would like to get information on compation relase [sic] Also I would like to know the step I need to take. Can u please send me moor info and the application so that I can strat the process [sic]. Thanks." (Docket # 49-1.) On April 28, 2020, Facility Administrator L.J. Oddo responded as follows:

> I am in receipt of your Inmate Request to a Staff Member requesting a Compassionate Release.
>
> Per BOP PS 5050.50, Compassionate Release/Reduction in Sentence, you must provide the extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of your sentencing. Your request to the Warden must at a minimum contain:
>
> 1. The extraordinary or compelling circumstances that the inmate believes warrant consideration.
> 2. Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.
>
> I trust this addresses your concerns.

(Docket #49-1.)

The government represents that "the BOP has no record of Lebron requesting compassionate release." (Gov't Mem. at 2.) It states that the BOP received only the above-quoted letter from Lebron requesting guidance as to how he should make an application. (Id. & Ex. A.) Lebron's motion refers to the MVCC's denial of a request, which, he states, identified him as ineligible for relief because an ICE detainer precludes him from home confinement. (Motion at 2.) However, Lebron does not attach his application to the MVCC or its response. Because the government represents that the BOP did not receive a written request for a reduction of Lebron's sentence and because Lebron has not demonstrated that he administratively exhausted his claim prior to bringing this motion, the motion will be denied.

Lebron's motion is therefore DENIED without prejudice. The Clerk is directed to terminate the motion and the related letter-motion. (Docket # 46, 49.)

- 4 -

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 24, 2021

COPY MAILED TO:
Julio Lebron
Register Number: 91966-054
USP Lewisburg
2400 Robert F. Miller Dr.
Lewisburg, PA  17837